# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JOHNIE WRIGHT, JR., | : | Case No. 1:20-cv-369 |
| | : | |
| Plaintiff, | : | Judge |
| | : | |
| v. | : | |
| | : | PLAINTIFF'S COMPLAINT AND JURY |
| STAGNARO DISTRIBUTING, LLC | : | DEMAND |
| | : | |
| Defendant. | : | |

COMES NOW Plaintiff Johnie Wright, Jr., by and through his undersigned legal counsel, and for his Complaint against Defendant Stagnaro Distributing, LLC alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is a resident of this judicial district.

2. Defendant is an Ohio limited liability company with its primary place of business located in this judicial district.

3. This Court has jurisdiction over Plaintiff's Complaint because it asserts claims under the Family and Medical Leave Act ("FMLA") and the Americans With Disabilities Act of 1990 ("ADA").

4. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims share a common nucleus of operative fact and arise out of the same transactions or occurrences as Plaintiff's federal claims.

5. Venue in this Court is proper as the events giving rise to the Complaint occurred herein.

## **FACTS**

6. Plaintiff was formerly employed by Defendant as a delivery driver. His most recent period of employment with Defendant began in March 2017.

7. In January 2018, Plaintiff suffered a torn left meniscus while on the job.

8. This injury substantially limits Plaintiff in major life activities, including walking, and constitutes a disability under the ADA.

9. Plaintiff's injury has occasionally required additional medical care, and has thus periodically sought medical treatment from his physician.

10. Additionally, Plaintiff has at time needed medical leave from work because of the serious health condition in his knee.

11. At all times relevant hereto, Defendant had a sufficient number of employees within 75 miles of Plaintiff's work site so as to be covered by the FMLA, and to be obligated to comply with it when employees are otherwise eligible for leave thereunder.

12. At all times relevant hereto, Plaintiff was legally entitled to take medical leave for his serious health condition under the FMLA.

13. Defendant regularly expressed irritation when Plaintiff exercised his legal right to take FMLA leave, and it imposed unnecessary burdens on him that interfered with the exercise of that right.

14. Defendant insisted that Plaintiff provide doctor's notes for his FMLA absences, despite Plaintiff's up-to-date FMLA certification.

15. When Plaintiff requested FMLA leave on February 28, 2020, Defendant's manager denied the request, though Plaintiff had not exhausted his FMLA leave entitlement.

16. On or about Friday, March 13, 2020, Plaintiff was moving an item from a truck when it fell on his foot.

17. Though mildly painful, Plaintiff did not think he had sustained an injury, and he finished the remainder of his shift.

18. Over the course of that weekend, however, Plaintiff's foot began to swell, and became discolored.

19. On Sunday, March 15, Plaintiff sought medical care, and x-rays revealed a chip fracture.

20. Plaintiff then promptly reported to Defendant that he had in fact been injured the previous Friday.

21. Defendant directed Plaintiff to appear for a drug test, which Plaintiff did, though no test was actually performed.

22. On or about March 17, proceedings were initiated to file a Worker's Compensation claim for Plaintiff's injury.

23. On March 20, 2020, Defendant terminated Plaintiff's employment.

24. Defendant's stated reason for firing Plaintiff was his supposed failure to adhere to Defendant's policy by not immediately reporting a workplace injury.

25. Defendant articulated this despite knowing that Plaintiff had reported the incident promptly, and as soon as it was apparent to a reasonable person that an injury had occurred.

26. Defendant's stated reason for its action was not the true reason, or even a minimally credible one, for terminating Plaintiff's employment. It was instead a blatant pretext, produced to conceal Defendant's obvious discriminatory and retaliatory motives.

27. On April 16, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and received a Notice of Right to Sue on April 29, 2020.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

28. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully restated herein, and further alleges that Defendant's termination of his employment constituted unlawful retaliation for the exercise of his legally protected right to take medical leave under the FMLA, and unlawful interference with the exercise of said right.

29. As a result of Defendant's unlawful actions, Plaintiff has suffered, and will suffer, damages in the form of the loss of his employment, and lost wages and benefits.

### COUNT II: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND O.R.C. 4112.02

30. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully restated herein, and further alleges that Defendant unlawfully discriminated against him because he was disabled, or regarded as disabled, in violation of the Americans with Disabilities Act and O.R.C. 4112.02.

31. As a result of Defendant's unlawful actions, Plaintiff has suffered, and will suffer, damages in the form of the loss of his employment, lost wages and benefits, anxiety, fear, mental anguish, and emotional distress.

32. Defendant's actions were intentional and malicious, and exhibited a conscious disregard for Plaintiff's rights that had a great probability of causing substantial harm.

### COUNT III: WORKERS COMPENSATION RETALIATION

33. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully restated herein, and further alleges that Defendant's termination of his employment was in unlawful retaliation for his pursuit of, and entitlement to, workers' compensation benefits, and thus in violation of O.R.C. 4123.90.

34. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages in the form of the loss of his employment, and lost wages and benefits.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. For reinstatement and an award of backpay and benefits;

2. If reinstatement is deemed to be inappropriate, for an award of front pay and benefits;

3. For an award of liquidated damages equal to his lost wages and benefits;

4. For an award of compensatory damages in an amount to be determined at trial;

5. For an award of punitive damages in an amount to be determined at trial;

6. For an award of is reasonable attorneys' fees and costs incurred herein;

7. For all other and further relief to which he may be entitled.

*/s/ Stephen E. Imm*

Stephen E. Imm (0040068)
Matthew S. Okiishi (0096706)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-5678
(513) 943-6669-fax
stephen@finneylawfirm.com
matt@finneylawfirm.com
*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff demands trial by jury for all issues so triable.

*/s/ Stephen E. Imm*

Stephen E. Imm (0040068)