**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOHNIE WRIGHT, JR.,
Plaintiff,

Case No. 1:20-cv-369
Barrett, J.
Litkovitz, M.J.

vs.

STAGNARO DISTRIBUTING, LLC,
Defendant.

**ORDER**

This matter is before the Court on defendant Stagnaro Distributing, LLC's motion to serve eight additional interrogatories (Doc. 15) and plaintiff Johnie Wright, Jr.'s response in opposition (Doc. 17).

Defendant requested an informal discovery conference in this matter, which was held on March 15, 2021. Defendant objected to plaintiff's refusal to answer more than 25 of the 33 written interrogatories defendant had served on plaintiff under Fed. R. Civ. P. 33. Defendant acknowledged that Rule 33, by its express terms, limits each party to a total of 25 written interrogatories with certain specified exceptions. Rule 33 states:

> Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).

Fed. R. Civ. P. 33. Defendant conceded at the conference that plaintiff had not stipulated to defendant serving more than 25 written interrogatories. In addition, defendant had not sought or obtained leave of court to serve additional interrogatories on plaintiff. Plaintiff advised the Court that he was not willing to stipulate to defendant exceeding the Rule 33 limit. Plaintiff was also opposed to a court order that would require him to answer the additional interrogatories defendant had already served on plaintiff.

At the informal discovery conference, the undersigned informed the parties that the Federal Rules governing discovery were designed to address issues of this nature. The Advisory Committee Note to Fed. R. Civ. P. 33 makes clear that 25 written interrogatories is the limit *unless* a party obtains either a stipulation by the opposing party or leave of court to exceed the limit. The Court is bound to apply Rule 33 and has no discretion to unilaterally allow a party to serve more than 25 written interrogatories. Therefore, if defendant wished to exceed Rule 33's limit of 25 written interrogatories and could not obtain plaintiff's consent, defendant's only option was to file a motion seeking leave of court to serve more than 25 written interrogatories on plaintiff.

Defendant filed a motion to serve eight additional written interrogatories on plaintiff on March 15, 2021. (Doc. 15). Defendant asserts that plaintiff has refused to answer nine interrogatories (Nos. 25-33)[1] that seek information on five relevant topics: (1) any Stagnaro employee who allegedly "denied any request for FMLA [Family and Medical Leave Act] leave"; (2) details about the compensatory and punitive damages amounts plaintiff seeks; (3) job search efforts and any post-termination employment that is relevant to plaintiff's duty to mitigate; (4) plaintiff's criminal history and history of civil litigation; and (5) plaintiff's use of social media platforms and accounts during the relevant time frame. (*Id*. at PAGEID 58-59). Defendant alleges the additional interrogatories are necessary to "explore the details" about plaintiff's "claims, damages, and supporting evidence." (Doc. 15 at PAGEID 59). Defendant also

[1] Plaintiff alleges that Interrogatory No. 14 is a compound interrogatory with two discrete sub-parts, so plaintiff has treated it as two interrogatories and has answered Interrogatories No. 1 through 24 - a total of 25 interrogatories by plaintiff's count. (Doc. 17 at PAGEID 87, citing Doc. 17-1 at PAGEID 97). The Court agrees that Interrogatory No. 14 is actually two interrogatories because it asks plaintiff to answer additional questions in response to two separate interrogatories, Interrogatory No. 12 and Interrogatory No. 13. *See Wilkinson v. Greater Dayton Regl. Transit Auth.*, No. 3:11-cv-00247, 2012 WL 3527871, at *3 (S.D. Ohio Aug. 14, 2012) (explaining that "discrete or separate questions should be counted as separate interrogatories") (quoting *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997)). Defendant therefore served nine additional interrogatories (Nos. 25 through 33) on plaintiff.

contends the interrogatories "are necessary, reasonable, and narrowly tailored to gather information about relevant and discoverable subjects well within the criteria of Rule 26(b)(2)(c))." (*Id*. at PAGEID 60). Defendant alleges "some" of the additional interrogatories "are designed to allow Stagnaro to gather information or documents from non-parties" prior to plaintiff's deposition "that might thereby inform the examination," which potentially includes documents about plaintiff's "criminal history, subsequent employment, or social media communications." (*Id*.). Defendant posits that if plaintiff does not answer the additional interrogatories prior to his deposition, discovery of the detailed information sought "becomes significantly more cumbersome" because defendant will have to question plaintiff at length at his deposition; defendant will have to continue the deposition to gather additional information and documents it learns about at the deposition; and the deposition will have to be reconvened for follow-up questioning. (*Id*. at PAGEID 61).

Plaintiff opposes defendant's motion to serve additional interrogatories. (Doc. 17). Plaintiff argues that defendant has not complied with Rule 33 and has not made the "particularized showing" required to justify an exception to the Rule. (*Id*. at PAGEID 89). Plaintiff contends that defendant had not exhausted the discovery options available to it under the Federal Rules of discovery prior to bringing its motion, and defendant can obtain the information it seeks through depositions or document requests. (*Id*. at PAGEID 88-89, citing Doc. 15-1 at PAGEID 73-76).

The district court has "broad discretion to determine the proper scope of discovery" under Fed. R. Civ. P. 26(b)(2). *Mall v. Merlo*, No. 2:18-cv-430, 2019 WL 2521165, at *1 (S.D. Ohio June 19, 2019). Rule 26(b)(2) expressly vests the district court with discretion to "alter the limits" on the number of written interrogatories a party may serve on another party. *West v.*

*Hilton*, No. 3:10-cv-284, 2012 WL 1186007, at *1 (S.D. Ohio Apr. 9, 2012). "To determine whether a party should be permitted to serve additional discovery requests, 'the Court looks to whether the benefits of the expansion outweigh[] the burden of the extra discovery.'" *Mall,* 2019 WL 2521165, at *1 (quoting *Pettus-Brown v. Phelps*, No. 2:18-cv-082, 2018 WL 5960821, at *5 (S.D. Ohio Nov. 14, 2018), *report and recommendation adopted*, No. 2:18-cv-82, 2019 WL 132346 (S.D. Ohio Jan. 8, 2019) (quoting *Martin v. Posey*, No. 2:15-cv-2294, 2017 WL 412876, at *4 (S.D. Ohio Jan. 31, 2017)). A party who seeks leave to serve additional discovery requests "must make a 'particularized showing'" to demonstrate a need for the additional requests. *Id.* (quoting *Pettus-Brown,* 2018 WL 5960821, at *5) (quoting in turn *St. Ann v. McLean*, No. 5:15-cv-11770, 2017 WL 5732991, at *2 (E.D. Mich. Nov. 28, 2017) (collecting cases)).

The Court exercises its discretion to deny defendant's motion to pose nine additional interrogatories. The Court cannot condone defendant's unilateral decision to ignore the requirements of Rule 33(a)(1), "which contains an unambiguous limitation on the number of interrogatories which can be propounded" and expressly precludes a party from exceeding the 25-written interrogatory limit "[u]nless otherwise stipulated or ordered by the court.'" *See Fuller v. Kerr*, No. 2:13-cv-13171, 2015 WL 1565367, at *2 (E.D. Mich. Apr. 8, 2015). Further, even if defendant had complied with Rule 33 by first seeking leave of Court to exceed the 25-written interrogatory limit, the Court would deny defendant's request on the ground it is unsupported. Defendant has not made a "particularized showing" that significantly more than 25 written interrogatories are necessary to obtain the factual information it needs to defend against plaintiff's claims. This does not appear to be a factually or legally complex case. Plaintiff brings two identical claims for disability discrimination under state and federal law and two claims for retaliatory discharge under the FMLA and Ohio workers' compensation law (Ohio

Rev. Code § 4123.90). (Doc. 1). The four claims are based on the same factual allegations, which are set forth in two pages of the complaint. (*Id*. at PAGEID 2-3). Defendant has not shown why it cannot obtain the factual information it needs to defend against these claims by adhering to Rule 33's 25-interrogatory limit and using other discovery methods available to it, including document requests and depositions. Many of defendant's document requests appear to be duplicative of its additional interrogatories, and the documents produced in response should provide much of the same information sought in those interrogatories. (*See* Doc. 15-1 at PAGEID 77-82). Defendant can continue to seek any additional details about the information requested in Interrogatories No. 25 to 33 through document requests and depositions. The Court will not require plaintiff to shoulder the burden and expense of answering additional interrogatories that are not authorized by Rule 33.

Defendant's motion to serve additional interrogatories No. 25 to 33 (Doc. 15) is **DENIED**.

**IT IS SO ORDERED.**

Date: 4/13/2021

Karen L. Litkovitz
Karen L. Litkovitz
United States Magistrate Judge